CATALANO LAW
RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 Kings Highway South, Suite 4A
Cherry Hill, NJ  08034
T: (856) 281-9860
F: (856) 281-9859
Email: rcatalano@catalanolaw.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAHMILIA N. MAZZOCCHI<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY L. FRIEND, UNITED STATES OF AMERICA (USA), THOMAS W. CURRAN, FRESH MEADOW AUTOMATED SYSTEMS, LLC JOHN DOES 1-10  (fictitious names)<br>Defendants. | CIVIL NO.<br><br>CIVIL ACTION<br><br>COMPLAINT |

The plaintiff, Jahmilia N. Mazzocchi residing at 611 W. Summer Road, Minotola, NJ 08341 in the County of Atlantic and State of New Jersey, by way of Complaint against the defendants, Timothy L. Friend, USA, Thomas W. Curran, Fresh Meadow Automated Systems, LLC,  and John Does 1-10 (fictitious names), hereby alleges and says the following:

### JURIDICTION AND VENUE

1. This lawsuit is being brought against defendants Friend and USA pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1349, et. seq.

2. The claims against defendants Curran and Fresh Meadows are related claims arising out of the same motor vehicle accident and subject to Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 as well as based upon diversity of citizenship under 28 U.S.C § 1332.

3. The Plaintiff currently resides in Atlantic County, NJ so venue is appropriate for assignment to the U.S. District Court, Camden Vicinage.

## FIRST COUNT

1. Plaintiffs, Jahmilia N. Mazzocchi, is an adult individual who currently resides at 611 W. Summer Road, Minotola, NJ 08341 in the County of Atlantic, State of New Jersey.

2. Defendant, Timothy L. Friend, is an adult individual who on information and belief resides at 375 N. Drive, Apt 6, North Plainfield, NJ 07060.

3. Defendant, USA, was the employer of Timothy L. Friend and and operator of the U.S. Naval Air Engineering Station, a U.S. Naval Base located at 2890 Woodbridge Avenue, Edison, NJ 07095.

4. Defendant Thomas W. Curran is an adult individual who on information and belief resides at 4500 Graystone Drive, Nazareth, PA. 18064.

5. Defendant Fresh Meadow Automated Systems, LLC is an HVAC mechanical Company doing business in the State of New Jersey with offices located at 601 Fresh Meadow Lane, Fresh Meadows, NY 11365.

6. Defendants, John Does 1-10 (fictitious names) are unidentified individuals and/or entities whose carelessness and negligence, and/or other tortious and/or liability producing conduct directly and/or proximately caused or contributed to the subject motor vehicle accident and the resultant injuries and damages sustained by the Plaintiff, Jahmilia N. Mazzocchi.

7. On or about May 28, 2020, at approximately 3:09 p.m., Plaintiff, Jahmilia N. Mazzocchi, was a passenger in a motor vehicle owned by the USA and operated by Defendant,

Timothy L. Friend, an employee of the USA and stationed at or working out of the U.S. Naval Air Engineering Station and traveling northbound on the NJ Turnpike at or near milepost 107 in Newark, NJ. Defendant, Thomas W. Curran, was the driver of a motor vehicle owned by defendant, Fresh Meadows Automated Systems, LLC which was traveling ahead of Friend's vehicle and was struck in the rear by the vehicle in which Plaintiff was a passenger.

8. On the date and place aforesaid, Defendant Timothy L. Friend, operated the motor vehicle owned by Defendant, USA in a careless and negligent manner, so as to cause the vehicle to strike the rear of the vehicle being operated by Thomas W. Curran.

9. Timothy L. Friend breached his duty to drive in a safe and prudent manner with due circumspection and regard for the rights of others on the highway and generally acted in a careless and negligent manner.

10. Defendant, Timothy L. Friend's careless and negligence was the sole course of this accident on substantially contributed to the cause of this accident and was a proximate cause of this accident in that he failed to make proper observations; failed to maintain proper and/ or adequate control over his vehicle; failed to operate his motor vehicle properly; failed to keep his vehicle under control; was traveling at an excessive rate of speed for the conditions then and there prevailing; failed to use his braking apparatus; failed to allow proper stopping distance between his vehicle and the plaintiff's vehicle; failed to avoid the accident; was in disregard of the rights of others using the highway; and was otherwise careless and negligent and in violation of the motor vehicle statutes of the State of New Jersey.

11. As a direct and proximate result of the carelessness and negligence of the defendant, Timothy L. Friend, as aforesaid, the plaintiff, Jahmilia N. Mazzocchi, sustained diverse personal injuries, internal and external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and physical discomfort; has been, is

now being and may in the future be compelled to expend certain sums of money in an effort to cure and alleviate her injuries; has been, is now being, and may in the future be unable to pursue her normal activities, work and general affairs resulting in a loss of income; and plaintiff has otherwise been damaged.

WHEREFORE, plaintiff, Jahmilia N. Mazzocchi, demands judgment against the defendant, Timothy L. Friend, for compensatory damages which would reasonable and properly compensate her in accordance with the lams of the State of New Jersey, together with interest and costs of suit.

## SECOND COUNT

1. For the sake of brevity, the allegations of the First Count are repeated as if set forth herein.

2. At all times material hereto, the defendant, USA was the owner of the motor vehicle operated by the defendant, Timothy L. Friend. Defendant, Timothy L. Friend, was operating said motor vehicle with the permission of and/or as an agent, servant and/or employee of the defendant, USA, or their behalf and under their supervision, direction and control, and as such, defendant, USA, is vicariously liable for the actions or inactions of defendant, Timothy L. Friend.

3. Defendant, USA, was negligent in entrusting or permitting the use of his motor vehicle by defendant, Timothy L. Friend, when they knew or in the exercise of reasonable diligence, should have known that he was a careless and negligent driver.

4. Defendant, USA, negligence was a contributing factor in the cause of this accident and their negligence was a proximate cause of this accident.

5. As a direct and proximate result of the carelessness and negligence of defendant, USA, the plaintiff, Jahmilia N. Mazzocchi, sustained diverse personal injuries, internal and

external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and physical discomfort; has been, is now being and may in the future be compelled to expend certain sums of money in an effort to cure and alleviate her injuries; has been, is now being and may in the future be unable to pursue her normal activities, work and general affairs resulting in a loss of income; and plaintiff has otherwise been damaged.

WHEREFORE, plaintiff, Jahmilia N. Mazzocchi, demands judgment against the defendant, Timothy L. Friend, for compensatory damages which would reasonable and properly compensate her in accordance with the lams of the State of New Jersey, together with interest and costs of suit.

### THIRD COUNT

1. For the sake of brevity, the allegations set forth in the prior counts are repeated as if set forth herein.

2. On the date and place aforesaid, Defendant Thomas W. Curran, operated the motor vehicle owned by defendant, Fresh Meadows Automated Systems, LLC in a careless and negligent manner, including more specifically, making a sudden stop resulting in the following vehicle, in which Plaintiff was a passenger, striking the rear of the said vehicle.

3. Defendant, Thomas W. Curran, breached his duty to drive in a safe and prudent manner with due circumspection and regard for the rights of others on the highway and generally acted in a careless and negligent manner.

4. Defendant, Thomas W. Curran's, carelessness and negligence was a proximate cause of this accident in that he stopped suddenly and without warning on the public highway; failed to make proper observations; failed to maintain proper control over his vehicle; was traveling at an inappropriate speed for the conditions then and there prevailing; used his baking apparatus when it was unsafe to do so, failed to prevent the subject accident; was in disregard of

the rights of others using the highway; and was otherwise careless and negligent and in violation of the motor vehicle statutes of the State of New Jersey.

5. As a direct and proximate result of the carelessness and negligence of the defendant, Thomas W. Curran, as aforesaid, the plaintiff, Jahmilia N. Mazzocchi, sustained diverse personal injuries, internal and external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and physical discomfort; has been, is now being and may in the future be compelled to expend certain sums of money in an effort to cure and alleviate her injuries; has been, is now being, and may in the future be unable to pursue her normal activities, work and general affairs resulting in a loss of income; and plaintiff has otherwise been damaged.

WHEREFORE, Jahmilia N. Mazzocchi, demand judgment against defendant, Thomas W. Curran, for compensatory damages and for such sums which would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

## FOURTH COUNT

1. For the sake of brevity, the allegations contained in the previous counts are incorporated herein by reference as fully as though the same were set forth herein at length.

2. At all times material hereto, the defendant, Fresh Meadow Automated Systems, LLC, was the owner of the motor vehicle operated by the defendant, Thomas W. Curran. Defendant, Thomas W. Curran, was operating said motor vehicle with the permission of and/or as an agent, servant and/or employee of the defendant, Fresh Meadow Automated Systems, LLC, or on their behalf and under their supervision, direction and control, and as such, defendant, Fresh Meadow Automated Systems, LLC, is vicariously liable for the actions or inactions of defendant, Thomas W. Curran.

3. Defendant, Fresh Meadow Automated Systems, LLC, was negligent in entrusting or permitting the use of his motor vehicle by defendant, Thomas W. Curran, when they knew or in the exercise of reasonable diligence, should have known that he was a careless and negligent driver.

4. Defendant, Fresh Meadow Automated Systems, LLC's, negligence was a contributing factor in the cause of this accident and their negligence was a proximate cause of this accident.

5. As a direct and proximate result of the carelessness and negligence of defendant, Fresh Meadow Automated Systems, LLC, the plaintiff, Jahmilia N. Mazzocchi, sustained diverse personal injuries, internal and external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and physical discomfort; has been, is now being and may in the future be compelled to expend certain sums of money in an effort to cure and alleviate her injuries; has been, is now being and may in the future be unable to pursue her normal activities, work and general affairs resulting in a loss of income; and plaintiff has otherwise been damaged.

WHEREFORE, plaintiff, Jahmilia N. Mazzocchi, demands judgment against the defendant, Fresh Meadow Automated Systems, LLC, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

### **FIFTH COUNT**

1. For the sake of brevity, the allegations contained in the previous counts are incorporated herein by reference as fully as though the same were set forth herein at length.

2. Defendants, John Does 1-10 (fictitious names), was/were the owner(s) and/or operator(s) of a vehicle(s) involved in this accident or were in some other manner involved in or

responsible for causing this loss and the attending injuries to the plaintiff, Jahmilia N. Mazzocchi.

3. Defendants, John Does 1-10 (fictitious names)'s negligence was a contributing factor in the cause of this accident, and their negligence, individually or in the collective, was a proximate cause of this accident.

4. As a direct and proximate result of the carelessness and negligence of defendants, John Does 1-10 (fictitious names), the plaintiff, Jahmilia N. Mazzocchi, sustained diverse personal injuries, both of an internal and external nature and of both a permanent and temporary nature; endured and will endure great pain; has and will be compelled to expend large sums of money for physicians and other medical treatment in an attempt to be cured of said injuries; has and will be prevented from attending to her normal daily activities, work and general affairs; and has otherwise been damaged.

WHEREFORE, the plaintiff, Jahmilia N. Mazzocchi, demands judgment against the defendants, John Does 1-10 (fictitious names), individually, jointly, severally and/or in the alternative for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, attorney's fees and costs of suit.

## SIXTH COUNT

1. For the sake of brevity, the allegations contained in the previous Counts are incorporated herein by reference as fully as though the same were set forth at length.

2. The Defendants, Timothy L. Friend, USA, Thomas W. Curran, Fresh Meadow Automated Systems, LLC, and/or John Does 1-10 (fictitious names), are liable to the plaintiff, Jahmilia N. Mazzocchi, jointly severally and/or in the alternative.

WHEREFORE, the plaintiff, Jahmilia N. Mazzocchi, demands judgment against the defendants, Timothy L. Friend, USA, Thomas W. Curran, Fresh Meadow Automated Systems,

LLC, and/or John Does 1-10 (fictitious names), individually, jointly, severally and/or in the alternative for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Please be notified that pursuant to Randy P. Catalano, Esquire, is hereby designated as trial counsel in the above captioned matter.

Date: May 26, 2022

RANDY P. CATALANO, ESQUIRE
Attorney for Plaintiff